UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02380-MRA-DFM | Date | April 24, 2026 |
| Title | *Kendra Jefferson v. Global IT Resources, Inc.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING MOTION FOR SETTLEMENT WITHOUT PREJUDICE [33]**

Plaintiff Kendra Jefferson ("Plaintiff") filed this collective action under the Fair Labor Standards Act ("FLSA") against Defendant Global IT Resources, Inc. ("Defendant") on behalf of herself and all others similarly situated on October 20, 2025. ECF 1. On January 23, 2026, the Court issued an order noting that Plaintiff had failed to file a proof of service as to Defendant and ordered Plaintiff to show cause why this action should not be dismissed for failure to timely serve. ECF 28.

Plaintiff then filed a proof of service, indicating service was completed on January 21, 2026. ECF 29. No responsive pleading was filed by Defendant within 21 days, Fed. R. Civ. P. 12, and Plaintiff did not seek default against Defendant.

The Court consequently issued another order to show cause, ordering Plaintiff to demonstrate why this action should not be dismissed for lack of prosecution. ECF 30. The Court's order indicated that as an alternative to a written response, Plaintiff could file a request for entry of default under Federal Rule of Civil Procedure 55(a) or a notice of voluntary dismissal under Rule 41(a).

Rather than file a request for entry of default or notice of dismissal, Plaintiff filed a Notice of Settlement, which indicated that the Parties in this case have reached a settlement on behalf of Plaintiff and the proposed FLSA collective. ECF 31. The Notice was not signed by Defendant. Plaintiff then filed an "Unopposed Motion for Settlement Approval." ECF 33. Attached to the Motion is a Settlement Agreement purportedly signed by Defendant. ECF 33-1. Defendant, however, has not appeared in this action, despite having been served.

Plaintiff's Motion does not identify any authority demonstrating that it is proper for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02380-MRA-DFM | Date | April 24, 2026 |
| Title | *Kendra Jefferson v. Global IT Resources, Inc.* | | |

Court to enforce a settlement agreement where the defendant has not yet appeared in this action, and the defendant has not availed itself of the Court's jurisdiction. Defendant's purported signature on the attached agreement does not on its own demonstrate that Defendant agreed that the Court could enforce the agreement, absent its appearance in this action. Indeed, the Court has not located any authority that indicates a settlement agreement should be enforced against a defendant who has not appeared in an action. *See Arias v. 76 Taqueria No. 2 Corp.*, No. 15CV2410KAMLB, 2017 WL 9482097, at *1 n.1 (E.D.N.Y. May 30, 2017), *report and recommendation adopted*, No. 15-CV-2410 (KAM)(LB), 2017 WL 2875637 (E.D.N.Y. July 5, 2017) ("The Court cannot approve the parties' settlement agreement until defendants appear in this action."). "Further, Due process suggests the defendant should have notice an opportunity to be heard before a settlement agreement is enforced by the Court." *Brooke v. Capri Motel, LLC*, No. 1:18-CV-0062-LJO-JLT, 2018 WL 3062188, at *2 (E.D. Cal. June 19, 2018).

For these reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Settlement Approval [33] is **DENIED without prejudice**.

2. Plaintiff shall serve this Order on Defendant within three (3) days of its issuance and file proof of service within seven (7) days. Defendant shall file a notice of appearance in this action within seven (7) days of service of this Order.

3. If Defendant files a timely notice of appearance, Plaintiff may re-file the Motion for Settlement Approval.

4. If Defendant fails to file a notice of appearance within the time proscribed above, Plaintiff shall file a request for entry of default under Federal Rule of Civil Procedure 55(a) or a notice of voluntary dismissal under Rule 41(a) within fourteen (14) days. Failure to do so will result in dismissal of this action without prejudice for lack of prosecution. *See* Fed. R. Civ. Pro. 41(b); L.R. 41-1; *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "inherent power" of district court to dismiss sua sponte for lack of prosecution).

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk Pd/mku